UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY D. JACKSON,

    Plaintiff,

v.                                   CASE NO. 8:19-cv-2780-T-TGW

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

<u>O R D E R</u>

      The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence, and the plaintiff does not identify reversible error, the decision will be affirmed.

I.

      The plaintiff, who was forty-five years old at the time of the administrative decision and who has four years of a college education (Tr. 38), has worked as an inspector trainee, customs inspector, administrative assistant, travel clerk, credit card control clerk, and program manager (Tr.

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

65–67). He filed a claim for Social Security disability benefits, alleging that he became disabled due to Post Traumatic Stress Disorder, neck injury, shoulder damage, migraines, and knee injury (Tr. 231). The plaintiff's claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "degenerative disc disease of the cervical spine, obesity, shoulder impingement syndrome, migraines, post-traumatic stress disorder (PTSD), and a major depressive disorder" (Tr. 17). The law judge concluded that, despite these impairments, the plaintiff had the residual functional capacity to perform light work (Tr. 21). Specifically, the law judge determined that the plaintiff (Tr. 21–22)

> has been able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. He has been able to stand and/or walk for six hours in an eight-hour workday as well as sit for six hours in an eight-hour workday. The claimant's ability to push and pull has been limited to the weights given above. He has been incapable of climbing ladders, ropes, or scaffolds, but has otherwise been able to climb frequently. The claimant has also been able to frequently kneel, stoop, crouch, and crawl. He has needed to avoid concentrated exposure to extreme temperatures, vibration, fumes, odors, dusts, gasses, and poor ventilation, as well as hazardous machinery and unprotected heights. He

2

has been limited to jobs with an environmental noise level of no greater than three, which is described as moderate. He has been able to understand, remember, and apply detailed, though not complex instructions and interact appropriately with supervisors. The claimant has been able to interact occasionally with coworkers, but not with the general public. He has been able to concentrate, persist, and maintain pace for two hours at a time, and manage himself and adapt to gradual changes in the workplace.

The law judge found further that due to those limitations the plaintiff could not perform past relevant work (Tr. 26). However, based upon the testimony of a vocational expert, the law judge concluded that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as marker, final inspector and office helper (Tr. 27). Consequently, the law judge decided that the plaintiff was not disabled (Tr. 28).

The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner of Social Security.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

3

... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it

4

is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied, and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The plaintiff contends that the law judge erred because he failed to consider the opinions of two examining sources, Dr. Lynn Gulick and John Kivler, PA-C (Doc. 14, p. 1). However, contrary to the plaintiff's assertion, neither Dr. Gulick nor Kivler "found that Plaintiff had greater work restrictions than the ALJ's decision suggests" (id.). Consequently, the law judge's error was harmless.

5

The plaintiff served in the military for a number of years so that the pertinent medical records are from the VA. On June 27, 2018, the plaintiff underwent a compensation and pension evaluation by Dr. Lynn M. Gulick, a psychologist, regarding his mental condition (Tr. 758–74) and by John T. Kivler, a physician's assistant, concerning, among other things, his migraines (Tr. 746–57). The record contains their reports. The law judge did not mention their evaluations in his decision.

There is no reason to think that the law judge implicitly rejected those evaluations, and the Commissioner makes no assertion that he did. It is most likely that the law judge simply overlooked the evaluations in the voluminous (1183 pages), repetitive, and mind-numbing record.

This case was decided under new regulations governing the assessment of medical opinion evidence. 20 C.F.R. 404.1520c. Those regulations change established principles in the Eleventh Circuit concerning the evaluation of medical opinions.

> Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision. As the Administrative Conference of the United States' (ACUS) Final Report explains, these courts, in reviewing final agency decisions, are reweighing

6

> evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential to us.

Revision to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5853, 2017 WL 168819 (Jan. 18, 2017).

Accordingly, the regulations now state (20 C.F.R. 404.1520c(a)):

> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions(s) or prior administrative medical finding(s), including those from your medical sources.

Rather, medical opinions and prior administrative medical findings are to be considered for their persuasiveness based upon the following factors:

    (1)   Supportability
    (2)   Consistency
    (3)   Relationship with the claimant [including]
        (i)   Length of the treatment relationship
        (ii)  Frequency of examinations
        (iii) Purpose of the treatment relationship
        (iv) Extent of the treatment relationship
        (v)  Examining relationship
(4) Specialization
(5) Other factors

20 C.F.R. 404.1520c(c)(1)–(5).

Supportability and consistency are the two most important factors. 20 C.F.R. 404.1520c(a); 20 C.F.R. 404.1520c(b)(2). Indeed, law

judges are not even required to explain how they considered factors 3 through 5, 20 C.F.R. 404.1520c(b)(2), unless the record contains differing, but equally persuasive, medical opinions or prior administrative medical findings about the same issue. 20 C.F.R. 404.1520c(b)(3).

"Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. 404.1520c(c)(1).

"Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. 404.1520c(c)(2).

The new regulations also provide that where the record contains multiple medical opinions or prior administrative medical findings from a single medical source, the law judges are not required to articulate how they considered each medical opinion or prior administrative medical finding, but

8

it is sufficient if there is a single analysis of the factors. 20 C.F.R. 404.1520c(b)(1).

The plaintiff, while acknowledging the changes due to the new regulations, asserts that the regulations did not change the principle established in the Eleventh Circuit that the law judge must articulate the reasoning behind a decision to reject a medical opinion. See Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1179 (11th Cir. 2011). Notably, the Commissioner makes no suggestion that that principle no longer applies.

The Commissioner rather argues that the law judge's failure to consider the information from Dr. Gulick and Kivler was harmless error. An error is harmless when "it d[oes] not affect the administrative law judge's ultimate determination." Hunter v. Commissioner of Social Security, 609 Fed. Appx. 555, 558 (11th Cir. 2015); see also Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir.1983). "[W]hen an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand." Miller v. Barnhart, 182 Fed. Appx. 959, 964 (11th Cir. 2006).

9

With respect to Dr. Gulick, the Commissioner contends that the failure to mention her information was a harmless error because she did not state a medical opinion as defined in the new regulations. The regulations now provide that a "medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." 20 C.F.R. 404.1513(a)(2). The Commissioner argues that Dr. Gulick did not make any statements concerning those matters but rather checked boxes to indicate the plaintiff's symptoms.

Thus, the plaintiff only cites to statements on the PTSD form marked by Dr. Gulick that the plaintiff would not be able to maintain effective relationships and would have difficulty adapting to stressful circumstances. Those items are expressly identified on the form as "symptoms" (Tr. 771), which, as the Commissioner points out, are simply the plaintiff's subjective complaints (Doc. 19, p. 10). Consequently, they are not opinions by Dr. Gulick.

Significantly, the Scheduling Order and Memorandum Requirements provide that any "discrete challenges must be supported by citations to the record of the pertinent facts" (Doc. 13, p. 2). Accordingly,

10

the plaintiff's argument that the law judge committed reversible error by not addressing Dr. Gulick's report has no support other than the two symptoms he cited.

Not only do the two symptoms not constitute a medical opinion, they are not adequate to support a claim of disability. It is well-established that "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient [to show disability]; instead, the plaintiff must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005), quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In other words, it is the functional limitations that determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Therefore, Dr. Gulick's conclusory marking of two symptoms expressed by the plaintiff does not establish any functional limitation.

Moreover, even if it did, that would not be sufficient to establish a disability. In this case, the law judge found that the plaintiff's PTSD was a severe impairment. Further, he determined that the plaintiff had mental functional limitations as a result of that condition. Thus, the law judge found that the plaintiff "has been able to understand, remember, and apply detailed,

11

though not complex instructions and interact appropriately with supervisors" and "has been able to interact occasionally with coworkers, but not with the general public" (Tr. 22). He found further that the plaintiff "has been able to concentrate, persist, and maintain himself and adapt to gradual changes in the workplace" (id.).

In order to demonstrate that the law judge's failure to evaluate Dr. Gulick's information constituted reversible error, the plaintiff would have to show that that information could cause the law judge to find greater mental functional limitations than he did. The plaintiff has not made such a showing. As indicated, the plaintiff has only cited to two symptoms in Dr. Gulick's report. Those symptoms do not support greater mental functional limitations than found by the law judge.

Similarly, the failure to mention physician's assistant Kivler's report does not amount to reversible error. Kivler commented on the plaintiff's esophageal condition and his headaches (Tr. 746–57). The plaintiff simply notes that Kivler stated that the plaintiff's headaches impact his ability to work due to "concentration issues [and] some absentiism [sic]" (Tr. 752). The Commissioner points out that those statements are vague. Thus, there is no indication of the extent to which those conditions would

12

affect the plaintiff's ability to work. Moreover, there is no explanation for those comments or any documentation for them (Doc. 19, p. 12).

Further, the law judge found that the plaintiff's migraines constituted a severe impairment (Tr. 17). And, as indicated, he found that the plaintiff had mental functional limitations. As before, in order to show reversible error from the failure to address Kivler's comments, the plaintiff would have to show that the comments could cause the law judge to find more restrictive functional limitations. Unexplained and unsupported comments of "concentration issues, and some absent[ee]ism" (Tr. 752) clearly do not amount to such a showing.

Notably, with respect to "concentration issues," the plaintiff was seen by Dr. Gulick, the psychologist, just before he saw Kivler. Upon a mental status examination, Dr. Gulick found, among other things (Tr. 772):

> Attention and concentration: WNL
> There was no evidence to suggest difficulty with attention and concentration during the evaluation. Attention was sufficient for interview and question responding, and he was able to maintain focus and resist distractions from environmental factors.

For those reasons, the law judge's failure to address the statements by Dr. Gulick and Kivler was harmless error.

It is, therefore, upon consideration,

13

**ORDERED**:

That the decision of the Commissioner is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 19th day of November, 2020.

```
                           THOMAS G. WILSON
              UNITED STATES MAGISTRATE JUDGE
```